The Honorable Paul B. Benham, Jr. President Pro Tem Arkansas State Senate State Capitol Building Little Rock, Arkansas 72201
Dear Senator Benham:
This letter is in response to your request for an opinion on whether the Arkansas Department of Human Services can by administrative rule interpret Act 436 of 1975 as amended, Ark. Stat. Ann. 72-1047 (Repl. 1979) et seq, to mandate the substitution of generic drugs for Medicaid patients.
Act 436 provides that a pharmacist may dispense a lower cost generically equivalent drug product instead of the brand or trade name drug designated on the prescription order. Ark. Stat. Ann. 72-1047 (Repl. 1979). The pharmacist may not substitute the generic drug if the name or trade name drug is on a Non-Equivalent Drug Product List, Ark. Stat. Ann. 72-1047 (Repl. 1979), or if the prescriber or customer instructs that no substitution is to be made. Ark. Stat. Ann. 72-1048 (Repl. 1979).
The administrative rule promulgated by the Department of Human Services merely addresses the qualifications for payment of prescriptions under the Arkansas Medicaid Prescription Drug Program. Effective December 1, 1986, under that rule, the pharmacist must dispense the lower cost generically equivalent drug product unless the prescriber writes in his own handwriting "This Brand Medically Necessary" on the face of the prescription order. The recipient may purchase the brand name if he chooses to do so, but DHS will deny the claim for payment for the brand name drug absent the required notation of medical necessity. The purpose of the rule is to decrease Medicaid expenses consistent with budget restraints. Department of Human Services, Division of Economics and Medical Services, Official Notice, November 14, 1987.
The DHS rule is founded upon the discretion granted the Department under federal regulations and state law. Specifically, 42 CFR 447.331 defines the upper payment limits for drugs. Section 447.332 (b) expressly provides for payment for a specific brand name drug if the physician certifies that drug as a medical necessity for a particular patient. These program regulations set the maximum amount payable for drugs; there is no prohibition against required generic substitution.
Arkansas participates in the Medicaid prescription Drug Program pursuant to Ark. Stat. Ann. 83-174 (Supp. 1985) et seq. Drugs dispensed under this program shall be prescribed and dispensed as generic drugs to the extent possible. Ark. Stat. Ann. 83-174.4 (Supp. 1985).
Pursuant to the above referenced provisions of federal regulations and state law on the Medicaid Prescription Drug Program, the Department of Human Services has required that generically equivalent drugs be dispensed except when the prescriber states that a brand or trade name drug is medically necessary. The patient may buy the brand name if he chooses to do so but DHS will deny the claim absent the physician's certification of necessity.
Therefore, it is my opinion that the Department has the authority to promulgate the regulation in question under the relevant regulations and statute rather than as an interpretation of Act 436.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Thomas S. Gay.